NO. 23-11270

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

ALAN M. DERSHOWITZ,
Plaintiff-Appellant

*versus*

CABLE NEWS NETWORK, INC.,
Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
USDC NO. 0:20-cv-61872
HON. ANURAANG H. SINGHAL

---

## ALAN M. DERSHOWITZ'S
## APPELLANT'S REPLY BRIEF

---

JOHN B. WILLIAMS
WILLIAMS LOPATTO PLLC
1629 K STREET, N.W., STE 300
WASHINGTON D.C. 20006
TEL: (202) 296-1665
JBWILLIAMS@WILLIAMSLOPATTO.COM

NEIL H. KOSLOWE
POTOMAC LAW GROUP, PLLC
1300 PENN. AVE, N.W., STE 700
WASHINGTON D.C. 20004
TEL: (202) 320-8907
NKOSLOWE@POTOMACLAW.COM

MARK A. SCHWEIKERT*
SCHWEIKERT LAW PLLC
1111 BRICKELL AVENUE, STE 1550
MIAMI, FL 33131
TEL: (305) 999-1906
MARK@SCHWEIKERTLAW.COM

**COUNSEL FOR APPELLANT
ALAN M. DERSHOWITZ**

*\* COUNSEL OF RECORD*

# Certificate of Interested Persons and Corporate Disclosure Statement

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1,

Appellant Alan Dershowitz hereby makes his disclosure of interested

persons and corporate disclosure statement:

| | |
|---|---|
| Bolger, Katherine M. | LeMieux, George S. |
| Cable News Network, Inc. | Levine, Amanda B. |
| Davis Wright Tremaine LLP | Oran, Hilary |
| Dershowitz, Alan | Potomac Law Group, PLLC |
| Edison, Eric Corey | Schweikert Law PLLC |
| Everdell, Abigail B. | Schweikert, Mark A. |
| Feder, Eric J. | Singhal, Raag, District Judge |
| Gunster, Yoakley & Stewart, P.A. | Warner Bros. Discovery Inc. ("WBD") |
| Holoszyc-Pimentel, Raphael | |
| Hunt, Patrick M., Magistrate Judge | Williams Lopatto PLLC |
| | Williams, John B. |
| Koslowe, Neil H. | |
| Kozinski, Alex | |

Dated: November 3, 2023

By: /s/ Mark A. Schweikert
Mark A. Schweikert
SCHWEIKERT LAW PLLC
1111 Brickell Avenue, Ste. 1550
Miami, Florida 33131

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement.................................................................................................i

Table of Authorities .................................................................. iii

Introduction ............................................................................... 1

Argument .................................................................................. 4

    A.    CNN Misstates the Law........................................................... 4

    B.    There Was Clear and Convincing Evidence from Which a Jury Could Find Actual Malice ............................................... 7

    C.    CNN's Statements Are Not Protected Opinion .................... 12

    D.    Dershowitz's Damages Are for a Jury to Determine............ 18

Conclusion................................................................................ 19

Certificate of Compliance ........................................................21

Certificate of Service ............................................................... 22

# Table of Authorities

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................... 1, 5, 8

*Counterman v. Colorado*, 600 U.S. 66 (2023) ............................. 7

*From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52 (Fla. 1st DCA 1981) 16

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) .................................. 18

*Goldwater v. Ginzburg*, 414 F.2d 324 (2d Cir. 1969) ........................... 4, 5

*Harte-Hanks Commc'ns Inc. v. Connaughton*, 491 U.S. 657 (1989) ......... 2

*Hay v. Independent Newspapers, Inc.*, 450 So. 2d 293 (Fla. 2d DCA 1984) ................................................................................................ 14

*Herbert v. Lando*, 441 U.S. 153 (1979) ...................................... 2

*Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) ................... 6

*Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016) ............. 1, 2

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) ............................... 14

*Moldea v. New York Times Co.*, 22 F.3d 310 (D.C. Cir. 1994) ......... 16, 17

*New York Times v. Sullivan*, 376 U.S. 254 (1964) ................................. 4, 7

*Rasmussen v. Collier County Publishing Co.*, 946 So. 2d 567 (Fla. 2d DCA 2006) .......................................................................................... 15

*Schiavone Construction Co. v. Time, Inc.*, 847 F.2d 1069 (3d Cir. 1988) ................................................................................................ 4, 5

*St. Amant v. Thompson*, 390 U.S. 727 (1968) ...................................... 1

*Time, Inc. v. Pape*, 401 U.S. 279 (1971) .................................... 11

*Zambrano v. Devanesan*, 484 So. 2d 603 (Fla. 4th DCA 1986) .......... 13, 14

## Introduction

CNN argues that it could not have acted with actual malice in defaming Professor Dershowitz because each of its principals "testified without equivocation that they believed the clips and the statements were fair and accurate."[1]  But the Supreme Court and this Court have vitiated such a defense.  As the Supreme Court made clear in *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968), a defamation defendant is not shielded from a showing of actual malice merely "by testifying that he published with a belief that the statements were true."  *Accord Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702-703 (11th Cir. 2016) (holding that "the beliefs or actions of a reasonable person are irrelevant" to malice).  Where, as here, Dershowitz has presented evidence upon which a jury "might" disbelieve CNN's self-serving testimony, "there is a genuine issue of fact that requires a trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Contrary to CNN's claim,[2] the evidence Dershowitz has presented is sufficiently concrete and affirmative for a jury to conclude that CNN

---

[1] Brief for Defendant-Appellee ("CNN Br.") at 24.

[2] *Id.* at 26.

acted with actual malice. Because a defamation plaintiff will "rarely be successful in proving awareness of falsehood from the mouth of the defendant himself," *Herbert v. Lando*, 441 U.S. 153, 170 (1979), he "is entitled to prove the defendant's state of mind through circumstantial evidence." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989). Such circumstantial evidence can be a defendant's intentional omission of facts "contrary to the general conclusions reached in [the challenged] article" and intentional failure to "give[] readers sufficient information to weigh for themselves the likelihood of an article's veracity." *Michel*, 816 F.3d at 703.

This is a classic case of defendants' intentional omission of facts contrary to the gist of defamatory statements. Dershowitz presented indisputable evidence that CNN's principals purposefully omitted from their public statements Dershowitz's critically important qualifier that a quid pro quo deal by a President would be grounds for impeachment if it were unlawful, and his full testimony of January 27, 2020, that crimes such as bribery and treason were impeachable offenses. CNN's intentional omission triggered Dershowitz's Seventh Amendment right to a jury trial on the question of actual malice.

2

Further, although Dershowitz never contended that "'falsity' alone can evince actual malice," as CNN asserts,[3] falsity *is* a factor that can contribute to a finding of actual malice.  CNN's Begala conceded falsity in his sworn response to the question of whether his column was an accurate, fair, and faithful characterization of Mr. Dershowitz's statements: "***No** … **I'm not quoting Professor Dershowitz.  He didn't say anything like that** …*"[4]  Similarly, CNN's assertion that "there has been no determination that [CNN's] statements are false" is belied by the district court's finding: "Paul Begala … said the 'Dershowitz Doctrine would make Presidents immune from every criminal act.'  ***Of course, Dershowitz said nothing of the kind.***"[5]  And Dershowitz never said or suggested, as CNN implies, that a president who commits bribery or treason cannot be impeached "if his actions are motivated by his electoral interests."[6]  These false assertions by CNN support a showing of actual malice.

---

[3] *Id.*

[4] DE 287-2 at 108:7-23 (emphasis added).

[5] DE 290 at 12 (emphasis added).

[6] CNN Br. at 42.

In sum, CNN has failed to refute Dershowitz's showing that the district court usurped the function of the jury by granting CNN summary judgment. CNN's radical defense, if accepted, effectively would slam shut the door to any defamation action by a public figure, a result no court has advanced.

## Argument

### A. CNN Misstates the Law

Contrary to CNN's assertion, it is CNN, not Dershowitz, who "misstates the law."[7]

***First***, perhaps because CNN fears the significance and impact of *Schiavone Construction Co. v. Time, Inc.*, 847 F.2d 1069 (3d Cir. 1988), and *Goldwater v. Ginzburg*, 414 F.2d 324 (2d Cir. 1969), CNN derides them as "decades-old decisions" and accuses Dershowitz of trying to create a "circuit split" by relying on them.[8] This is nonsense.

*Schiavone* and *Goldwater*, neither of which is as "old" as *New York Times v. Sullivan*, 376 U.S. 254 (1964), make good sense and have never been overruled. They hold that a defendant's deliberate omission of

---

[7] *Id.* at 25.

[8] *Id.* at 30.

known facts or statements which result in an alteration of the meaning of the words spoken by the plaintiff—such as CNN has done in this case—may constitute actual malice. Despite the factual differences between *Schiavone* and *Goldwater* and this case, CNN does not and cannot contest their holdings. It was reversible error for the district court to ignore those holdings and it would, indeed, create a circuit split if this Court were to affirm.

CNN also spuriously asserts that, according to Dershowitz, the Seventh Amendment automatically bars the grant of summary judgment in a defamation action against a public figure and that only a jury can determine whether a defamation defendant acted with actual malice.[9] In fact, Dershowitz relies on the standard articulated by the Supreme Court, that "the plaintiff, to survive defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." *Liberty Lobby,* 477 U.S. at 255. To be sure, this evidence must be "clear and convincing." *Id*. at 254. But the test is whether a jury "might"

---

[9] *Id.* at 25-26.

return a verdict in plaintiff's favor on the basis of such evidence, not whether it certainly would do so.

**Second**, there is no foundation for CNN's claim that Dershowitz contends that "'falsity' alone can evince actual malice."[10]  Rather, Dershowitz follows the Supreme Court's teaching in *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 514 (1991), that "falsity [is] relevant to determining actual malice under the First Amendment."

**Third**, CNN's claim that "there has been no determination that [its] statements are false"[11] is demonstrably untrue.  The district court expressly found: "Paul Begala … said the 'Dershowitz Doctrine would make Presidents immune from every criminal act.' **Of course, Dershowitz said nothing of the kind**."[12]  But this finding, although telling, is unnecessary; it is up to the jury to resolve such factual disputes.  That a district judge found falsity certainly suggests that a reasonable jury could too.

---

[10] *Id*. at 26.

[11] *Id*. at 27.

[12] DE 290 at 12 (emphasis added).

***Fourth***, contrary to CNN's assertion, the Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66 (2023), does not speak to the appropriateness of re-examining *Sullivan* and its progeny. *Counterman* was not a defamation case. It was a criminal case deciding the degree of *mens rea* required to sustain a conviction for communications constituting "true threats." The majority opinion made a passing reference to *Sullivan* simply as an example of unprotected speech that was immune from punishment in certain circumstances. *Counterman*, 600 U.S. at 75-76. Neither the majority nor the concurrence in *Counterman* responded to Justice Thomas' remarks in his dissenting opinion that *Sullivan* should be reconsidered.

## B. <u>There Was Clear and Convincing Evidence from Which a Jury Could Find Actual Malice</u>

In support of its argument that a jury could never find that it defamed Dershowitz with actual malice, CNN offers no more than a rehash of its principals' claims that they thought they correctly interpreted Dershowitz' testimony about impeachment.[13] CNN says that Dershowitz "does not raise a triable issue as to actual malice by merely

---

[13] CNN Br. at 34-35.

arguing a jury might disbelieve" its principals, citing *Liberty Lobby*, 477 U.S. at 256.[14]  But that's not what Dershowitz is arguing at all.  Rather, he argues that his full testimony on January 27th and his quid pro quo qualifying testimony on January 29th—to which CNN had full access and plainly contradicts their conclusions—might convince a jury that CNN's principals knew full well that their characterizations of Dershowitz's comments were false.

This evidence was not concealed from CNN's principals; it was staring them in the face.  On January 27th, Dershowitz unambiguously stated his position is that "criminal-like conduct akin to treason and bribery" is impeachable."[15]  He gave a specific example: "[I]f a President were to receive or give a bribe outside of the United States and outside of the statute of limitations, he could not technically be prosecuted in the United States for such a crime, but I believe he could be impeached for such a crime."[16]  Similarly, "if a President committed extortion, perjury, or obstruction of justice, he could be charged with these crimes

---

[14] *Id.* at 33.

[15] DE 217-212 at S611.

[16] *Id.*

as impeachable offenses because these crimes, though not specified in the Constitution, are akin to treason and bribery."[17]

Notwithstanding this exceedingly clear testimony, CNN's Paul Begala wrote: "The Dershowitz Doctrine would make presidents immune from every criminal act, so long as they could plausibly claim they did it to boost their re-election effort.  Campaign finance laws: out the window.  ***Bribery statutes: gone***."[18]  Confronted at his deposition by this testimony, Begala admitted that, "[a] president ***receiving*** a bribe advancing his pecuniary interest, Professor Dershowitz says ***that's impeachable***."[19]

Thus, Begala was fully aware that his attribution to Dershowitz of the proposition "Bribery statutes: gone" with respect to impeachment was false, but he published it anyway.  Contrary to CNN's accusation, Dershowitz did not "distort[] Begala's acknowledgment that Dershowitz

---

[17] DE 217-212 at S611.

[18] DE 66 ¶ 13 (emphasis added).

[19] DE 287-1 at 121 (emphasis added).

9

said a president could be impeached for receiving a bribe in his pecuniary interest."[20]

CNN tries to nullify half of Begala's admission by arguing that Dershowitz did not state that a president could be impeached for *offering* a bribe.[21] But that argument is flatly refuted by Dershowitz's testimony that a president can be impeached if he "were to receive ***or give*** a bribe."[22]

CNN also baselessly accuses Dershowitz of "twist[ing]" Begala's testimony "to claim Begala admitted knowingly misstating Dershowitz's Response in his column."[23] However, CNN's own quotation of Begala's testimony puts the lie to that accusation. Begala was asked: "Did you believe at the time that you wrote [your column] that that was an accurate, fair, and faithful characterization of Mr. Dershowitz's statements during the impeachment trial?"[24] Begala responded: "***No. …***

---

[20] CNN Br. at 39.

[21] *Id.*

[22] DE 217-212 at S611 (emphasis added).

[23] CNN Br. at 38.

[24] *Id.*

***[Dershowitz] didn't say anything like that, but what I'm saying is ... the argument he laid out will be abused to justify all manner of things by politicians seeking their reelection.***"[25]

Thus, Dershowitz did not "twist[]" anything. Instead, he presented concrete evidence that Begala did ***not*** believe at the time he wrote his column that it was an "accurate, fair, and faithful characterization of Mr. Dershowitz's statements during the impeachment trial," but needed to be "abused" by others to reach that conclusion. A jury could find from this concrete evidence that Begala himself was abusing the statement by claiming Dershowitz actually said this.

Finally, in an attempt to portray Dershowitz's testimony as "bristl[ing] with ambiguities" within the ambit of *Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971),[26] CNN resorts to inventing testimony that Dershowitz never uttered. For example, CNN says that Dershowitz's "admissions" that his testimony on January 29th was "spontaneous" and capable of being misunderstood "belie his continued insistence that his Response was 'perfectly clear that a president who commits a crime *can*

---

[25] *Id.* (emphasis added).

[26] *Id.* at 41.

11

be impeached,' even if his actions are motivated by his electoral interests." However, Dershowitz never said or implied that a president who commits an impeachable offense such as bribery or treason cannot be impeached if he believed the bribery or treason was in the national interest because it would get him elected. Therefore, there was nothing ambiguous about his position on impeachment.

Similarly, CNN's reliance on its own witnesses' belief that "the Illegal Quo Line was a tossed-off, nonsensical tautology that was not linked in any meaningful way to the points he emphatically made throughout the rest of the Response" does not create ambiguity. It merely reflects a viewpoint that a jury, equipped with concrete evidence that CNN intentionally omitted the "Illegal Quo Line" from its defamatory statements, might reject in holding that CNN acted with actual malice.

### C. CNN's Statements Are Not Protected Opinion

As the district court held when it denied CNN's motion to dismiss, CNN's defamatory statements "were not pure opinion but instead were mixed expressions of opinion that could reasonably be construed as

defamatory."[27]  The district court correctly ruled that these "mixed expressions of opinion" were not protected by the First Amendment because they lacked the "'adequate factual foundation'" that would have prevented CNN's principals from distorting Dershowitz's testimony and defaming him.[28]

Under decisions of the Florida courts and the Supreme Court, CNN's statements are not protected opinion simply because they were made during panel discussions and in an op-ed and employed rhetorical language.  Those decisions establish that the controlling question is whether the statements were based on an adequate factual foundation. The record shows that CNN intentionally concealed from the public an adequate factual foundation for the challenged statements and based them on a false one.

The Florida Court of Appeals for the Fourth District in *Zambrano v. Devanesan*, 484 So. 2d 603, 606 (Fla. 4th DCA 1986), quoted with approval the description of the distinction between protected "pure

---

[27] DE 28 at 15.

[28] *Id*.

opinion" and unprotected "mixed opinion" by the Florida Court of Appeal

for the Second District in *Hay v. Independent Newspapers, Inc.*, 450 So.

2d 293, 295 (Fla. 2d DCA 1984), as follows:

> Pure opinion is based upon facts that the communicator sets forth in a publication, or that are otherwise known or available to the reader or the listener as a member of the public.  Mixed opinion is based upon facts regarding a person or his conduct that are neither stated in the publication nor assumed to exist by a party exposed to the communication. …  Pure opinion is protected under the First Amendment, but mixed opinion is not.

Thus, under *Zambrano*, "where the speaker or writer neglects to

provide the audience with an adequate factual foundation prior to

engaging in the offending discourse, liability may arise."  *Zambrano*, 484

So. 2d at 606-607.  Similarly, the Supreme Court held in *Milkovich v.*

*Lorain Journal Co.*, 497 U.S. 1, 18-21 (1990), that, for purposes of

defamation law, an "opinion" may be actionable if it implies an assertion

of false fact, whether stated or unstated.  Such a statement of opinion "is

not the sort of loose, figurative, or hyperbolic language" that is protected

by the First Amendment.  *Id*. at 21.

Therefore, under *Zambrano* and *Milkovich*, it is irrelevant that

some of the defamatory statements by CNN's commentators were made

in panel discussions and an op-ed and others used "hyperbolic language."

14

What is dispositive is that the statements, branding as outlandish and beyond the pale Dershowitz's position on impeachment, are not based on an "adequate factual foundation" about Dershowitz's views.  These statements imply that, in Dershowitz's view, a president cannot be impeached for *any* quid pro quo arrangement that the president believes is in his and the public's interests, even if the arrangement involves unlawful conduct.  That is a false factual implication.  Dershowitz testified that presidents *can* be impeached for quid pro quo arrangements that involve unlawful conduct.  CNN and its commentators concealed this key fact from its listeners.

CNN relies on several Florida cases in which statements were protected from defamation claims because, according to CNN, the facts underlying them were disclosed to the public.[29]  For example, in *Rasmussen v. Collier County Publishing Co.*, 946 So. 2d 567, 571 (Fla. 2d DCA 2006), statements critical of an official involved in a public scandal were held to be protected opinion because the scandal had been extensively covered in the media and the facts were well known to the

---

[29] CNN Br. at 48.

public.  Similarly, in *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981), statements critical of a tennis star were held to be protected opinion because the facts were well known to the local tennis community.

Those cases are inapposite.  Here, although the ***impeachment*** of President Trump was widely covered in the media, the facts regarding ***Dershowitz's views*** on impeachment and quid pro quo arrangements were not widely known to the general public.  And in broadcasting what it purported to describe as Dershowitz's views on impeachment and quid pro quo arrangements, CNN failed to disclose to the general public an accurate factual basis by concealing the fact that, in Dershowitz's view, a quid pro quo arrangement is impeachable if it involves unlawful conduct.

Finally, CNN mistakenly relies on *Moldea v. New York Times Co.*, 22 F.3d 310 (D.C. Cir. 1994).[30]  *Moldea* dealt with a book review in which the reviewer made highly caustic remarks about a sports book and criticized the author's journalistic practices.  The District of Columbia Circuit observed that, in the particular context of book reviews, "[t]here

---

[30] *Id.* at 50.

is a long and rich history in our cultural and legal traditions affording reviews latitude to comment on literary and other works." 22 F.3d at 315. Because the court believed that book reviews require "'breathing space'" under the First Amendment, it adopted a standard under which a book review is defamatory only if its interpretations are unsupportable with reference to the written work. *Id*. at 317.

CNN's broadcasts of Dershowitz's testimony bear no resemblance to a book review. CNN cites no "long and rich history" affording television broadcasts "latitude" or extra "breathing space" for the expression of falsehoods, and Dershowitz is aware of none.

Furthermore, CNN's commentators did not claim there was anything "ambiguous" about the truncated portions of Dershowitz' testimony that they quoted or summarized. On the contrary, they characterized those portions of his testimony as plainly outlandish. CNN also has cited no cases since *Moldea* that have applied its unique standard in contexts other than book reviews. Accordingly, *Moldea* does not support CNN's contention that its statements are protected opinion.

### D. <u>Dershowitz's Damages Are for a Jury to Determine</u>

Finally, CNN's prediction that Dershowitz "will never be able to bear his burden of proving that the statements … were the proximate cause of his damaged reputation"[31] is no basis for sustaining the district court's grant of summary judgment.  Dershowitz is entitled to prove that, as he averred in the declaration he filed below, he has suffered actual damages, including "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).  It will be up to the jury to decide whether this proof is sufficient.

As detailed in that declaration, Dershowitz is entitled to prove that he has endured mental anguish and suffering because of CNN's defamations, which have affected his personal and professional life.  He has received vile and condemnatory emails that specifically reference the CNN broadcasts.  CNN's viewers and readers have posted offensive and damaging comments about him in response to its repetition of the defamations on social media sites.

---

[31] *Id.* at 52.

And the number of invitations he now receives to appear on mainstream media outlets has declined significantly.  Prior to the defamations at issue in this case, he was asked to appear on many well-known media outlets, including MSNBC, PBS, ABC, NBC, BBC, Pro Publico, and CNN—even after he began to publicly advocate against the Trump impeachment.  But since the defamations, he receives only invitations to appear on conservative outlets—Fox and NewsMax—empirical proof that the CNN defamatory statements have diminished his reputation in certain important media circles.

Dershowitz is clearly entitled to pursue these types of actual damages at trial.  And a jury is clearly entitled to believe him.

## Conclusion

For these reasons and the reasons given in the opening brief, the Court should reverse the decision of the district court and remand for a jury trial.

Dated:  November 3, 2023                    Respectfully submitted,


                                           By: /s/ Mark A. Schweikert
                                           Mark A. Schweikert
                                           SCHWEIKERT LAW PLLC
                                           1111 Brickell Avenue, Ste. 1550
                                           Miami, Florida 33131

19

John B. Williams
WILLIAMS LOPATTO PLLC
1629 K Street, N.W., Ste. 300
Washington, DC 20006

Neil H. Koslowe
POTOMAC LAW GROUP, PLLC
1300 Penn. Ave., N.W., Ste. 700
Washington, DC 20004

Counsel for Appellant
**ALAN M. DERSHOWITZ**

## <u>Certificate of Compliance</u>

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 3202 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word for Windows in Century Schoolbook 14-point font.

Dated:  November 3, 2023          By: <u>/s/ Mark A. Schweikert</u>
                                  Mark A. Schweikert
                                  SCHWEIKERT LAW PLLC
                                  1111 Brickell Avenue, Ste. 1550
                                  Miami, Florida 33131

## <u>Certificate of Service</u>

This certifies that the foregoing brief has been filed electronically with the Clerk for the United States Court of Appeals for the Eleventh Circuit, which will automatically send a copy of same to all counsel of record by e-mail.

Dated:  November 3, 2023                    By: <u>/s/ Mark A. Schweikert</u>
                                                               Mark A. Schweikert
                                                               SCHWEIKERT LAW PLLC
                                                               1111 Brickell Avenue, Ste. 1550
                                                               Miami, Florida 33131